The State Of Texas
In The Court Of Criminal Appeals Of Texas
At Austin, Texas

| | | |
|---|---|---|
| The State Of Texas | § § § § § § § § | In Criminal District Court No. 4 Of Dallas County, Texas Trial Cause No. F00-50025 WR-55,341 |
| vs. In re Reginald A. Noble, Relator. | | |

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 12 2015

Abel Acosta, Clerk

Motion For Leave To File
Original Application For Writ Of Mandamus
Tex. R. App. Proc. 72.1, Tex. Code Crim. Proc. Art. 4.04

To The Court Of Criminal Appeals of Texas: Rule 12

Now Comes, Relator Reginald A. Noble, argue and offer into evidence an Objection against the Hon. Judge Dominique Collins, denying habeas Relator's Corpus Art. 11.05 relief, and submits this, Motion For Leave To File under Tex. R. App. Proc. 72.1, respectfully moves this Honorable Court to grant leave to proceed in the Application for Writ Of Mandamus pursuant to Tex. R. App. Proc. 72.1 and Tex. Code Crim. Proc. Ann. Art. 4.04 is unable to pay court costs and initial filing fee is true and correct under the penalty of perjury, see 28 U.S.C.A. 1914, for submission for en banc under Tex. R. App. Proc. 116, for want of jurisdiction under Tex. Const. Art. 5, Sec. 5, Tex. R. App. Proc. 72.1 and 72.2, Tex. Gov't Code § 22.221(a) on request for a injunctive relief to remand, see Tex. R. App. Proc. 44.2(a) constitutional error.

The Relator Noble, respectfully moves the Court, to grant leave to proceed in the extraordinary matter and the Application to be tendered contemporaneously

1 of 2 A

with this Motion.

Ground One: Relator Received Judicial Misconduct That Violates Due Process Of The Eighth Amendment And The Tex. Const. Art. I, Sec. 12

Statement Of Fact

On April 17, 2015, the Relator Noble filed a writ of habeas corpus Art. 11.05 to the Criminal District Court No. 4 of Dallas County, TX, argue and enter into evidence an Objection against Judge Dominque Collins, for failer to comply with the Tex. Code Crim. Proc. Ann. Art. 11.05 statute that is a duty, imposed on an official by law, one which is clearly fixed and required by law. The judicial misconduct shows to be unequivocal unconstitutional and present, is abuse of discretion.

This judicial misconduct demonstrate an fundamental miscarriage of justice from cruel and unusual punishment under Art. 1.09 and Tex. Const. Art. I, §13, this extraordinary writ of mandamus, is for the Court Of Criminal Appeals to inforce its jurisdiction to order the lower Court to perform its Art. 11.05 statute duty.

Prayer

Relator Noble prays that this Motion and Application be granted and for the Appellate Court to inforce the District Court to perform its ministerial duty in the criminal law matter of cruelty, for justice for helief. Amen

Certificate Of Service

I, Reginald A. Noble #1095.77, do here by certify that a true and correct copy of the above Motion, has been served on the Hon. Judge Dominque Collins of District Court No. 4 of Dallas County, TX. and to the Court Of Criminal Appeals, postage pre-paid in the United States mail system.

5-4-15
Date

Reginald A. Noble #1095.77
Reginald A. Noble #1095.77

The State Of Texas
In The Court Of Criminal Appeals
At Austin, Texas

In re Reginald A. Noble,
                    Relator,

Vs.

Hon. Judge Dominque Collins
Criminal District Court No. 4
Dallas County, TX,
                    Respondent.

§
§
§
§
§
§
§
§
§
§
§
§

Case No.
WR-55,341

Original Application For Writ Of Mandamus
Tex. R. App. Proc. 72, Tex. Code Crim. Proc. Art. 4.04

## Jurisdiction & Venue

This is an extraordinary writ of mandamus complaint authorized by this Original Application For Writ Of Mandamus pursuant to Tex. R. App. Proc. 72.1 and Tex. Code Crim. Proc. Ann. Art. 4.04. Relator Noble is unable to pay court costs and the initial filing fees is true and correct under the penalty of perjury, see 28 U.S.C. §1746. For submission for en banc under Tex. R. App. Proc. 76. For want of jurisdiction under Tex. Const. Art. 5, Sec. 5, Tex. Code Crim. Proc. Ann. Art. 4.04 Sec. 1, Tex. R. App. Proc. 72.1, Tex. Gov't Code §22.001(a) 1, 3, §22.002, §22.225(b)(3)(d). On request for a injunctive relief to remand, see Tex. R. App. Proc. Rule 72.2 and Rule 44.2(a) constitutional error and for relief. This extraordinary writ of mandamus is an order directing a public official to perform a duty exacted by law and will not issue to enforce a duty that is in any degree debatable, see State ex rel Wade v. Mays, 689 S.W. 2d

898 (Tex. Crim. App. 1985)

### Rule 72 Extraordinary Matter

The writ of mandamus is an ancient Common Law remedy; an original writ issued by a higher Court to command a lower Court to perform a particular duty, which results from the official station of the party to whom the writ is directed or from the operation of positive law, to do or refrain from doing some act, see In re McAfee, 53 S.W. 3rd 715, 718 (Tex. App. - Houston [1st Dist.] 2001)

### Issue Presented

Ground One: Relator Received Judicial Misconduct That Violates Due Process Of The Eighth Amendment And Tex. Const. Art. 1, Sec. 12

### Statement Of Fact

On April 17, 2015, the Relator Noble Filed a writ of habeas corpus Art. 11.05 in the Criminal District Court No. 4 of Dallas County, TX, Relator argue and offer into evidence an Objection against Hon. Judge Dominique Collins, for failer to comply with the Tex. Code Crim. Proc. Art. 11.05 statutes, that is a duty imposed on an official by law, one which is clearly fixed and required by law. The Hon. Judge Collins judicial misconduct shows to be unequivocal unconstitutional and present, is abuse of discretion.

The misconduct act is subject to extraordinary relief when the law clearly spells out the duty to be performed by an official and this application for a writ of mandamus justify the extraordinary remedy, when the Relator Noble has no other adequate legal remedy available and the relief sought is a ministerial act by the Respondent, as opposed to a discretionary one, see State ex rel. Wade v. Mays, 689 S.W. 2d 898 (Tex. Crim. App. 1985).

Mandamus will lie to review jurisdictional and constitutional defects in a

judgment of conviction, the records reveals that the habeas corpus in Art. 11.05, has not been filed with the District Court.

This judicial misconduct demonstrate an fundamental miscarriage of justice from cruel and unusual punishment under Art. 1.09 and Tex. Const. Art I. §13.

The original appellate proceeding seeking extraordinary relief is to include the exhibit complained of, the Original Application for Writ Of Habeas Corpus Art. 11.05 is attached to this Original Application for Writ Of Mandamus Rule 72.1 for the Court Of Criminal Appeals to inforce, its jurisdiction to order the lower Court to perform its Art. 11.05 statute duty.

### Prayer

Wherefore, Promises Made, Relator pray that this Honorable Court grant this Mandamus to compel the District Court to perform its ministerial duty in this criminal law matter of cruelty, in the name of justice for relief. Amen

### Unsworn Declaration

I, Relator Reginald H. Noble #1095577, being presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice, in Potter County, TX., according to my belief, declare under penalty of perjury, the fact stated in this Application are true and correct under V.T.C.A. Civ. Prac. & Rem Code § 132.001.

5-4-15
_____
Date

_Reginald H. Noble #1095577_
Reginald H. Noble #1095577

### Certificate Of Service

I, Reginald H. Noble #1095577, do hereby certify that a true and correct copy of the above Application has been forwarded by the United States mail system, postage pre-paid, to the Court Of Criminal Appeals of Texas and to Criminal District Court No. 4 of Dallas County, TX.

5-4-15
_____
Date

_Reginald H. Noble #1095577_
Reginald H. Noble #1095577

3 of 3 A B

The State Of Texas     §     In Criminal District
    §     Court No. 4 Of
    §     Dallas County, Texas
Vs.     §     Trial Cause No. F00-50025
Ex parte Reginald H. Noble,     §     Wr. 55,341
    Appellant.     §

## Motion For Leave To File
## Out-Of-Time Appeal
## Original Application For Writ Of Habeas Corpus
## Tex. Code Crim. Proc. Ann. Art. 11.05, Art. 4.05

To The Honorable Judge Of Said Court: Art. 2.21

Now Comes, Appellant Reginald H. Noble, argue and offer into evidence an objection against Criminal District Court No. 4 of Dallas County, TX, denying Appellant's habeas corpus Art. 11.07 for relief, and submits this Motion For Leave To File under Tex. Code Crim. Proc. Ann. Art. 11.05 and Art. 4.05, and respectfully moves this Honorable Court to grant leave to file this Original Out-Of-Time Appeal Application For Writ Of Habeas Corpus under Tex. Code Crim. Proc. Ann. Art. 11.01, Art. 11.02, Art. 11.03, Art. 11.04, Art. 11.05, to be tendered contemporaneously with this Motion, this Motion is an objection against the Texas Board Of Pardons and Paroles, and Texas Department Of Criminal Justice - Correctional Institution Division for Imprisoned Appellant Noble, and for being illegally restrained and confined in his liberty at the William P. Clements Unit in Potter County, TX, this Motion and Application alleges plain errors from the records under Rule 52.1, and in support of same, will respectfully show this Honorable Court the following:

Ground One: The Appellant Is Actually Innocent Of A Void Judgment To Enhance Punishment And His Incarceration Violates Due Process Of The Eighth Amendment

Ground Two: The Appellant Received Ineffective Assistance Of Counsel Violating The Sixth Amendment And Texas Constitutional Rights

## Statement Of Fact

The 291st Judicial Grand Jury of Dallas County, TX., did duly organized the "True Bill Of Indictment" of Agg. Sexual A-Y Ch.14 under Tex. Penal Code § 22.021, see Affidavit Exhibit-B and the State's attorney introducing two enhancement paragraphs, one of Unauthorized Use Of A Motor Vehicle under Penal Code § 31.07, see Affidavit Exhibit-C and the second prior conviction of Burglary Of A Building under Tex. Penal Code § 30.02, see Affidavit Exhibit-D is a void judgment to enhance punishment under Tex. Penal Code § 12.42, see Affidavit Exhibit-A, the statute language dictates that prior conviction explicitly refer to the enhancement or "substantially similar" sex offenses in Texas.

The trial counsel Mr. Bradley K. Lollar's trial strategy of incompetence imposed an actual conflict of interest that was undisputed deficient by failure to familiarize himself with the sex crime enhancement statute, the trial counsel's failure to object to the State's attorney introducing at trial two prior void enhancements at pre-trial hearing, the counsel failed to object under Tex. Code Crim. Proc. Art. 28.014, and failed to file motion to set aside an indictment or information under Art. 28.061, this trial counsel's failure to investigate the two paragraphs, constituted ineffective assistance of counsel, see Black v. State, 816 S.W.2d 350, (Tex. Cr. App. 1991), but prejudice is presumed if such an actual conflict

2 of 3C

of interest is shown, even without an objection, see Ex parte Parham, 611 S. W.2d 103 (Tex. Cr. App 1981). In Moore v. Johnson, 194 F.3d 586,604 (5th Cir. 1999). The Court is, therefore, no required to conclude or condone unreasonable decisions parading under, the umbrella of strategy or fabricate tactical decisions on behalf of counsel when, on the face of the record Rule 52.1 that counsel made no strategy decision at all, see Cronic, 104 S.Ct. 2039 (1984). The question becomes, did the defendant, receive a fair trial resulting in a verdict worthy of confidence, see Kyles v. Whitley, 115 S.Ct. 1555 (1995)

### Prayer

Appellant prays that this Honorable Court grant, leave in this Motion For Leave To File under Art. 11.05 to proceed in this original application of complaint of being illegally restrained and confined by the above officials, in the name of justice and for Relief. Amen

### Unsworn Declaration

I, Reginald H. Noble #1019577, being presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice, in Potter County, TX. according to my belief, declare under penalty of perjury, the facts stated in this Motion are true and correct under V.T.C.A. Cr. Prac. & Rem. Code X 132.001

5-4-15
Date

_Reginald H. Noble #1019577_
Reginald H. Noble #1019577

### Certificate Of Service

I, Reginald H. Noble #1019577, do hereby certify, that a true and correct copy of the above Motion, has been forwarded by The United States mail system, postage pre-paid, to the Criminal District Court No. 4 of Dallas County, TX. and Court of Criminal Appeals of Texas

5-4-15
Date

_Reginald H. Noble #1019577_
Reginald H. Noble #1019577

The State Of Texas

Vs.

Exparte Reginald H. Noble,
Appellant.

§
§
§
§
§
§
§

In Criminal District
Court No. 4 Of
Dallas County, Texas
Trial Cause No. F-02-50025
WR-55,341

Motion For Leave To File
Out-Of-Time Appeal
Original Application For Writ Of Habeas Corpus
Tex. R. App. Proc. 72, Tex. Code Crim. Proc. Art. 11.05

To The Court Of Criminal Appeals Of Texas: Rule 72

Now Comes, Appellant Reginald H. Noble, argue, and offer into evidence an objection against Criminal District Court No. 4 of Dallas, TX., denying Appellant's Habeas corpus Art 11.07 for relief, and submits this, Motion For Leave To File under Tex. R. App. Proc. 72, and Tex. Code Crim. Proc. Art. 11.05, and respectfully moves this Honorable Court to grant leave to file this original Application for Writ Of Habeas Corpus under Tex. Code Crim. Proc. Ann. Art. 11.01, Art. 11.02, Art. 11.03, Art. 11.04, Art. 11.05, to be tendered contemporaneously with this Motion, this Motion is an objection against, the Texas Board Of Pardon and Paroles and Texas Department of Criminal Justice-Correctional Institutions Division, for having Appellant Noble illegally restrained and confine, this Motion and Application Alleges plain errors from the records under Rule 52, and in support of same, will respectfully show this Honorable Court the following:

## Issues Presented

Ground One: The Appellant Is Actually Innocent Of A Void Judgment To Enhance Punishment And His Incarceration Violates Due Process And The Eighth Amendment

Ground Two: The Appellant Received Ineffective Assistance Of Counsel Violating The Sixth Amendment And Texas Constitutional Right

## Statement Of Fact

The 291st Judicial Grand Jury of Dallas County, TX, and duly organized, the "True Bill Of Indictment" of Agg. Sexual A-V CH/14 under Tex. Penal Code § 22.021, see Affidavit Exhibit-B and, the State's attorney introducing two enhancement paragraphs, one of Unauthorized Use Of A Motor Vehicle under Tex. Penal Code § 31.07, see Affidavit Exhibit-C, and the second prior conviction of Burglary Of A Building under Tex. Penal Code § 30.02, see Affidavit Exhibit-D is a void judgment to enhance punishment under Tex. Penal Code § 12.42, see Affidavit Exhibit-A the statute language dictates that prior conviction explicitly refer to the enhancement for "substantially similar" sex offenses in Texas".

The trial counsel Mr. Bradley K. Lollar's trial strategy of incompetence invoked an actual conflict of interest that was undisputed deficient, by failure to familiarize himself with the sex crime enhancement statute, the trial counsel's failure to object to the State's attorney introducing, at trial two prior void enhancements at pre-trial hearing, the counsel failed to object under Tex. Code Crim. Proc. Art. 28.014 and failed to file motion to set aside an indictment or information under Art. 28.061, the trial counsel's failed to investigate the void prior enhancement paragraphs, constituted ineffective assistance of counsel, see Black v. State, 816 SW 2d 350 (Tex. Cr. App. 1991), but prejudice is presumed if such a actual conflict of

interest is shown even without an objection, see Ex parte Parham, 611 S.W. 2d 103 (Tex. Cr. App. 1981). In Moore v. Johnson, 194 F.3d 586, 604 (5th Cir. 1999) The Court is, therefore, no required to condone unreasonable decisions parading under the umbrella of strategy, or fabricate tactical decisions on behalf of counsel, when it appear, on the face of the record Rule 52.1 that counsel made no strategy decision at all, see Cronic, 104 S.Ct. 2039 (1984). The question becomes did the appellant receive a fair trial resulting in a verdict worthy of confidence, See Kyles v. Whitey, 115 S.Ct. 1555 (1995).

## Prayer

Appellant prays that this Honorable Court, grant leave in this Motion for Leave To File under Rule 72.1 to proceed in this Original Application of complaint of being illegally restrained and confined by the above official, in the name of justice and for relief. Amen.

## Unsworn Declaration

I, Reginald H. Noble #1019577, being presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice, in Potter County, TX., according to my belief, declare under penalty of perjury, the facts stated in this Motion are true and correct under V.T.C.A. Civ. Prac + Rem. Code §132.001 .

5-4-15
Date

Reginald H. Noble #1019577
Reginald H. Noble #1019577

## Certificate Of Service

I, Reginald H. Noble #1019577, do hereby certify, that a true and correct copy of the above Motion has been forwarded by The United States mail, system, postage pre-paid, to the Court Of Criminal Appeals of Texas, and all partys have been served.

5-4-15
Date

Reginald H. Noble #1019577
Reginald H. Noble #1019577

3 of 3 B

Ex parte Reginald H. Noble,
      Appellant,

Vs.

Texas Board Of Pardons And Paroles,

Vs.

Texas Department Of Criminal Justice-
Connectional Institutional Division,
      Respondents.

§
§
§
§
§
§
§
§
§
§
§
§

WR-55,341

## Out-Of-Time Appeal
## Original Application For Writ Of Habeas Corpus
## Tex. Code Crim. Proc. Ann. Art. 11.05

## Jurisdiction & Venue

This is a out-of-time appeal complaint authorized by this Original Application For Writ Of Habeas Corpus under Art. 11.05 pursuant to Tex. Code Crim. Proc. Ann. Art. 11.01, Art. 11.02, Art. 11.03, Art. 11.04, Art. 11.05 - Art. 11.65, and this Criminal District Court No. 4 of Dallas County, TX, have original jurisdiction in this out-of-time appeal case under Tex. Code Crim. Proc. Ann. Art. 4.05. The Court Of Criminal Appeals have original jurisdiction under Tex. R. App. Proc. Rule 72, Rule 74, Rule 75, Rule 78.1 d.), Tex. Code Crim Proc. Ann. Art. 4.04, see also Tex. Gov't Code § 22.001(c) and § 22.221(a)(b) for submission for En Banc under Tex. R. App. Proc. 41(c) and Rule 74(c) for writ of jurisdiction under Tex. Gov't Code § 22.001(a)1,3 and § 22.225(b)3(c)(d) on request for a

injunctive relief to remand, see Tex. R. App. Proc. 44.2(a) to grant Motion For Leave For A New Trial under Art. 40.001, see Motion To Recuse in Tex. R. Civ. P. 18a(a)(b), Tex. R. Civ. Proc. 15, Tex. Civ. Proc. & Rem. Code x Chapter 132, § 14.001-14.004, and x 15.001, and Benefits.

The Appellant Noble argue, and offer into evidence an objection against the Criminal District Court No. 4 of Dallas County, TX., denying Appellant's habeas corpus, Art. 11.07 for relief under Art. 11.15 and Art. 11.6 when the Court has knowledge that a person is illegally restrained and confined in his liberty.

The Appellant Noble object against the Texas Board Of Pardons And Paroles and Texas Department Of Criminal Justice - Correctional Institutions Division, for having Appellant illegally restrained and confined.

At the threshold, the District Court and Court Of Criminal Appeals must decide whether the Due Process Clause of The United States Constitution forbids the incarceration of an innocent person. It is clear from a void judgment to enhance punishment complaint, that the incarceration of an innocence person is as much a violation of the Due Process Clause as is the execution of such a person. It follows that claims of actual innocence are cognizable by this Court in a original habeas corpus proceeding whether punishment assessed is death or confinement. In either case, such claims raise of federal constitutional magnitude, see Ex parte Bravo, 702 S.W.2d 189 (Tex. Crim. App. 1982)

## Issues Presented

Ground One: The Appellant Is Actually Innocent Of A Void Judgment To Enhance Punishment And His Incarceration Violates Due Process And The Eighth Amendment

Ground Two: The Appellant Received Ineffective Assistance Of Counsel Violating The Sixth Amendment And Texas Constitutional Rights

Statement Of Fact

Affidavit Exhibit-A, Texas Penal Code §12.42 Penalties For Repeat Habitual Felony Offenders For Enhancement purposes only. Sec. 12.42(c)(2)(B)(ii)

(c)(2) the defendant has been previous convicted of two felony offenses,

(B) at least one of which is an sex offense;

(ii) under Section 22.021, Penal Code;

under the 76th Legislature, ch.62 (S.B. 1368), §1.5.01, effective Sept. 1, 1999

Facts Supporting Ground One: The 291st Judicial Grand Jury of Dallas County, TX., did duly organized the "True Bill Of Indictment" of Agg. Sexual A-V CH 14 under Tex. Penal Code § 22.021 under Trial Cause No. F00-50035, see Affidavit Exhibit-B and introducing two enhancement paragraphs, one of Unauthorized Use Of A Motor Vehicle under Tex. Penal Code § 31.07 under Trial Cause No. F91-77411-UK, see Affidavit Exhibit-C, and the second prior conviction of Burglary Of Building under Tex. Penal Code § 30.02 in Trial Cause No. F87-97453-KH, see Affidavit Exhibit-D is a void judgment to enhance punishment under Tex. Penal Code § 12.42, see Affidavit Exhibit-A and also under Texas Department Of Health And Safety Code, Sec. 841.002 8(A)(B)(F), see Griffin v. State, 81 S.W.3d 51 (Tex. Crim. App. 2002).

Constitutionality of Legislation: Sex Crimes - Literal language of Tex. Penal Code Ann. § 12.42 (c)(2) is clear and straight forward; conviction of one of four violent, sexual offenses carries a mandatory punishment of confinement of life if a defendant has previously been convicted of one of eight enumerated offenses, the statute also make clear the Texas Legislatures intent to treat sex offenses more harshly than other repeat or habitual offenders; the plain language of statute dictates that prior conviction explicitly refer to the enhancement for substantially

3 of 7

similar" offenses in Texas. Were the court to apply the plain language of the statute, see Griffith v. State, 116 S.W.2d 782 (Tex. Crim. App. 2003). . . . Double Jeopardy under Tex. Penal Code Ann. §12.46 Use of Prior Conviction - the prior conviction for enhancement purposes is a "void judgment to enhance punishment" that violates Appellant Nobles due process rights against double jeopardy, as guaranteed by the U.S. Const. Amend. V., because enhanced punishment places the defendant in jeopardy of being twice sentence to additional punishment for the previous used for enhancement purposes, see Barns v. State, 70 S.W. 3d 294 (Tex. App. - Forth Worth 2002), see Tex. Const. Art. 1 §14 and Tex. Code Crim. Proc. Art. 1.10 - No person for the same offense shall be twice put in jeopardy of life or liberty; U.S. Const. Amend. V.

No statute of limitation - "A void judgment" is one that facially reflects the want of jurisdiction of the Court over the subject matter, because of defects, this renders the "judgment void" to any potency, causing it too be, and to forever remains limp as a wet rag." It is a nullity from the beginning, because it does no affect impair or create legal rights. All proceeding founded upon such a judgment are equally worthless, because the judgment can never bind nor bar anyone. A void judgment closely resembles a dead limb on a tree, it can be chopped off at any time. If void, it is not even necessary to take any steps, to have it reversed, vacated or set aside. Therefore, in reality, a void judgment is really no judgment and leaves the parties litigent in the same position they where in before trial. In summary a void judgment is coram, no judice or brutum fulment. Ex parte Spaulding, 687 S.W. 2d 741 (Tex. Cr. App. 1985).

Facts Supporting Ground Two: The 291st Judicial Grand Jury of Dallas County, TX., did duly organized the "True Bill Of Indictment" of "Agg Sexual A-) CHILD under Tex. Penal Code § 22.021, see Affidavit Exhibit-B and the State's attorney introducing two enhancement paragraphs, one of Unauthorized Use Of A Motor Vehicle under Tex. Penal Code § 31.07, see Affidavit Exhibit-C and the second prior conviction of Burglary Of A building under Tex. Penal Code § 30.02, see Affidavit Exhibit-D, is a void judgment to enhance punishment under Tex. Penal Code § 12.42, see Affidavit Exhibit-A the statute language dictates that prior conviction explicitly refer to the enhancement for "substantially similar" sex offenses in Texas. The trial counsel Mr. Bradley K. Lollar's trial strategy of incompetence, invoked an actual conflict of interest that was undisputed deficient by failure to familiarize himself with the sex crime enhancement statute, the trial counsel failure to object to the States attorney introducing at trial two prior void enhancement paragraphs at pre-trial hearing, the counsel failed to object under Tex. Code Crim. Proc. Art. 28.01 and failed to file motion to set aside an indictment or information under Art. 28.06, this trial counsel failure to investigate the void prior enhancement paragraphs constituted ineffective assistance of counsel, see black v. State, 816 S.W.2d 350 (Tex. Cr. App. 1991), but prejudice is presumed if such a actual conflict of interest is shown even without an objection, see Ex parte Parham, 611 S.W.2d 103 (Tex. Cr. App. 1981). In Moore v. Johnson, 194 F.3d 586, 604 (5th Cir. 1999). The Court is, therefore, no required to condone unreasonable decisions paraded under the umbrella of strategy, or fabricate tactical decisions on behalf of counsel when it appears on the face of the record rules [4] that counsel made no strategic decision at all, see Conie, 104 S Ct 2039 (1984).

The question becomes did the Appellant receive a fair trial resulting in a verdict worthy of confidence. See Kyles v. Whitley, 115 S.Ct. 1555 (1995). In State ex rel Holmes v. Court of Appeals, 885 S.W.2d 389 (Tex. Crim App. 1994) this Court held that habeas corpus is an appropriate vehicle, to non-capital cases, to assert claims of factual or actual innocence, based on the record face under Rule 52.1 and newly discovered evidence. Additionally, the majority alters the Holmes standard and adopts the standard announced by The Supreme Court in Schlup v. Delo, 115 S.Ct. 851 (1995) (habeas corpus will lie to review jurisdiction and constitutional defects in a judgment of conviction.)

What Appellant Noble want is a new trial based on a jurisdictional defect under common law that proves my innocence, this Original Habeas Corpus Art. 11.05 is an appropriate vehicle that is available to a void judgment complaint against being illegally restrained and confined in my liberty, the records under Rule 52.1 in this case the sworn affidavit #1, and the affidavit exhibits - A,B,C,& D reveals an Texas and Federal Constitution Right from errors that is subject to harmless error review of a fundamental miscarriage of justice, see Murray v. Carrier, 106 S.Ct. 26 39 (1986) on request for appointment of counsel in Art. 1.051 for finding of fact against violation of a liberty interest and for relief.

<u>Prayer</u>

Appellant prays, that the Honorable Court grant this Original Application for an Out-of-Time Appeal under Art. 11.05 to proceed in this complaint of being illegally restrained and confined by the above officials and grant Appellant a new trial from a violation of a liberty interest in the name of justice and for relief. Amen

6 of 7

<u>Unsworn Declaration</u>

I, Reginald H. Noble #1019577, being presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice, in Potter County, TX., according to my belief, declare under penalty of perjury, the facts stated in this Original Application are true and correct under V.T.C.A. Civ. Prac. & Rem. Code §132.001

5-14-15
_____
Date

_Reginald H. Noble #1019577_
Reginald H. Noble #1019577


<u>Certificate Of Service</u>

I, Reginald H. Noble #1019577, do hereby certify that a true and correct copy the above Original Application has been forwarded by the United States mail system, postage pre-paid, to Court Of Criminal Appeals of Texas and has been forwarded to Criminal District Court No. 4 of Dallas County, TX.

5-4-15
_____
Date

_Reginald H. Noble #1019577_
Reginald H. Noble #1019577
Clements Unit
9601 Spur 591
Amarillo, TX, 79107

# Affidavit In Any Fact

STATE OF TEXAS
COUNTY OF POTTER

On this, day personally appeared Reginald H. Noble, declare the stated as follows;

My name is Reginald H. Noble. I am otherwise competent to make this affidavit. My records reflect the indictment and enhancement paragraphs was served to me on June 24, 2000, by a Dallas County jailer. Exhibit-"B"; "True Bill Of Indictment" of Agg. Sexual A-V Child under Tex. Penal Code § 22.021 In Trial Cause No. F-00-50025. Exhibit-C; paragraph: Unauthorized Use Of A Motor Vehicle under Tex. Penal Code § 31.07 In Trial Cause No. F91-73411-UR. Exhibit-D; paragraph; Burglary Of A Building under Tex. Penal Code § 30.02 In Trial Cause No. F87-97432-KH. Exhibit-H. Texas Penal Code § 12.42, Penalties For Repeat Habitual Felony Offenders; the plain language of statute of sex crimes, dictates, that prior conviction explicitly refer to the enhancement for substantially similar offenses in Texas;

## Inmates Declaration

I, Reginald H. Noble, am the person and being presently incarcerated in the William P. Clements Unit in the Potter County, TX, declare under penalty of perjury that, according to my belief, the facts stated in the above Affidavit are true and correct.
V.T.C.A. Civil Practice + Remedies Code § 132.001-132.002

Executed on this day, 4th of May 2015

Reginald H. Noble #1079577

#I.                    Reginald H. Noble #1079577

Exhibit #1

(b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.

(c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:

(1) a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense, or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or

(2) the individual has previously been finally convicted of any felony:

(A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

(B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.

*[Sections 12.36 to 12.40 reserved for expansion]*

## Subch. D. EXCEPTIONAL SENTENCES

PC §12.41. CLASSIFICATION OF OFFENSES OUTSIDE THIS CODE. For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:

(1) "felony of the third degree" if imprisonment in a penitentiary is affixed to the offense as a possible punishment;

(2) "Class B misdemeanor" if the offense is not a felony and confinement in a jail is affixed to the offense as a possible punishment;

(3) "Class C misdemeanor" if the offense is punishable by fine only.

PC §12.42. PENALTIES FOR REPEAT AND HABITUAL FELONY OFFENDERS.

*[one provision that will be replaced by another]*

(a)* *[eff. until 01-01-96.]* If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

(a)* *[eff. on 01-01-96.]* (1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony;

(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

(3) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant

has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

*[one provision that will be replaced by another]*

(b) If it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony.

(c) If it is shown on the trial of a first-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.

*[one provision that will be replaced by another]*

(d)(1)* *[eff. until 01-01-96.]* If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

(d)(1)* *[eff. on 01-01-96.]* If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years; or less than 25 years.

(2) A defendant shall be punished by imprisonment in the institutional division for life if:

(A) the defendant is convicted of an offense:

(i) under Section 22.021, Penal Code;

(ii) under Section 20.04(a)(4), Penal Code, committed the offense with the intent to violate or abuse the victim sexually; or

(iii) under Section 30.02, Penal Code, punishable under Subsection (d) of that section, if the defendant committed the offense with the intent to commit a felony described by Subparagraph (i) or (ii) or a felony under Section 21.11 or 22.011, Penal Code; and

(B) the defendant has been previously convicted of two felony offenses, at least one of which is an offense:

(i) under Section 43.25 or 43.26, Penal Code;

(ii) under Section 21.11, 22.011, 22.021, or 25.02, Penal Code;

(iii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse

FORM 188-B     jae

DEFENDANT  NOBLE, REGINALD ARLIEGH   BM 3214 1961          CHARGE  AGG SEX A-V CH/14
           AKA:
ADDRESS    3550 E OVERTON RD #1052, DALLAS, TX             LOCATION  DSO

FILING AGENCY  TXDPD0000   DATE FILED  June 14, 2000       COURT

COMPLAINANT  HOBBS, DEPARIS                                F-0050025

C/C

## TRUE BILL OF INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The Grand Jury of Dallas County,

State of Texas, duly organized at the _____ JANUARY _____ Term, A.D. 20__ 00 __ of the

__ 291ST JUDICIAL __ District Court _____, Dallas County, in said court at said

Term, do present that one _____ NOBLE, REGINALD ARLIEGH _____ defendant,

on or about the ____ 31ST ____ day of __ MARCH __ A.D. 20 00 __ in the County of Dallas and said State, did

unlawfully then and there intentionally and knowingly cause the contact and penetration
of the female sexual organ of DEPARIS HOBBS, a child, who was not then the spouse of
defendant, by an object, to-wit: the sexual organ of said defendant, and, at the time
of the offense, the child was younger than 14 years of age,

Exhibit
B

Form 211—FINAL SHEET

AND THE GRAND JURORS AFORESAID do further present upon their oaths, that prior to the commission of the aforesaid offense by the said REGINALD ARLIEGH NOBLE, to-wit: on the 26TH day of MAY, A.D. 1992, in the 265TH JUDICIAL DISTRICT COURT of DALLAS County, Texas, in cause number F91-72411-UR on the docket of said Court, the said REGINALD ARLIEGH NOBLE under the name of REGINALD NOBLE, was duly and legally convicted in said last named Court of a felony, to-wit: UNAUTHORIZED USE OF A MOTOR VEHICLE, as charged in the indictment, upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said REGINALD ARLIEGH NOBLE, prior to the commission of the offense hereinbefore charged against him, as set forth in the first paragraph hereof,

AND THE GRAND JURORS AFORESAID do further present upon their oaths, that prior to the commission of each of the aforesaid offenses was prior to the commission of the offense set forth in the first paragraph hereof,

Against the peace and dignity of the State.

BILL HILL

_____
Criminal District Attorney, Dallas County, Texas.

_____
Foreman of the Grand Jury

Exhibit C

hereof,

AND THE GRAND JURORS AFORESAID do further present upon their oaths, that prior to the commission of each of the aforesaid offenses by the said REGINALD ARLIEGH NOBLE, to-wit: on the 17TH day of JULY, A.D. 1987, in the CRIMINAL DISTRICT COURT of DALLAS County, Texas, in cause number F87-77432-KH on the docket of said Court, the said REGINALD ARLIEGH NOBLE under the name of REGINALD ARLEIGH NOBLE, was duly and legally convicted in said last named Court of a felony, to-wit: BURGLARY OF A BUILDING, as charged in the indictment, upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said REGINALD ARLIEGH NOBLE, prior to the commission and conviction of the offense hereinbefore charged against him, in the second paragraph hereof, and said commission and conviction set forth in this paragraph was prior to the commission of the offense set forth in the first paragraph hereof,

Against the peace and dignity of the State.

BILL HILL

_____
Criminal District Attorney, Dallas County, Texas.

_____
Foreman of the Grand Jury

